**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondents. | Case No. 1:14-cv-01237-BAM-HC<br><br>ORDER REQUIRING PETITIONER TO SUBMIT WITHIN THIRTY (30) DAYS OF SERVICE A SIGNED DECLARATION CONCERNING THE PETITION (Doc. 1)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 1) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on August 7, 2014.

    I.  <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.   Failure to Sign and Verify the Petition

A review of the petition reveals that Petitioner did not sign or date the petition. (Pet., doc. 1, 30.)

Local Rule 131 requires a document submitted to the Court

for filing to include an original signature. In addition, Habeas Rule 2 requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner is ORDERED to submit instead a separate document in which he states that he submitted the petition to the Court and verifies its contents to be true under penalty of perjury of the laws of the United States.[1] Petitioner must sign the document under penalty of perjury; the document should contain an original signature. Petitioner must state the date on

---

[1] Title 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States:
>
> "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
>                              (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths:
>
> "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
>                              (Signature)".

which he signed the document. Petitioner is will be granted thirty (30) days from the date of service of this order to comply with the Court's directive.

Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

III. <u>Failure to Name a Proper Respondent</u>

Petitioner named as Respondent the People of the State of California. Petitioner is incarcerated at the Kern Valley State Prison. The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at that facility is Martin Biter.[2]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d at 360. However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction.  See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.  Id.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner asks to amend to name the proper respondent in this action.

IV.  Disposition

Accordingly, Petitioner is GRANTED thirty (30) days after the date of service of this order in which to 1) submit a signed verification of the petition in accordance with the foregoing directions, and 2) file a motion to amend the instant petition to name a proper respondent.

Failure to proceed to submit a signed verification of the petition or to move to amend the petition to state a proper

respondent will result in dismissal of the petition for failure to comply with a court order, lack of jurisdiction, and/or failure to name as respondent a person with the power to produce the Petitioner.

IT IS SO ORDERED.

Dated: **August 12, 2014** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE