# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>            Petitioner,<br><br>      v.<br><br>MARTIN BITER, Warden,<br><br>            Respondent. | Case No. 1:14-cv-01237-LJO-BAM-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT (Doc. 8)<br><br>ORDER DIRECTING THE CLERK TO CHANGE THE NAME OF THE RESPONDENT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S STATE LAW CLAIMS (Doc. 1) AND TO REFER THE CASE BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Petitioner's motion to amend the petition to name as Respondent Martin Biter, the warden of his institution of confinement, which was filed on September 2, 2014, in response to the Court's order of August 12, 2014, granting Petitioner leave to file a motion to amend without having to file a completely new petition.

1

I. <u>Order Granting Petitioner's Motion to Amend the Petition and Directing the Clerk to Change the Name of the Respondent</u>

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. <u>Brittingham v. United States</u>, 982. F.2d 378, 279 (9th Cir. 1992). Therefore, Petitioner's request is proper.

Accordingly, it is ORDERED that Petitioner's motion to amend the petition is GRANTED, and the Clerk is DIRECTED to change the name of the Respondent to Warden Martin Biter.

II. <u>Screening the Petition</u>

Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory

Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges that he is an inmate of the Kern Valley State Prison (KVSP) serving a sentence of eighty-eight years to life imposed in the Mariposa Superior Court on December 17, 2010, for burglary, possession of firearms and ammunition by a felon, receiving stolen property, and a false license plate.

Petitioner raises the following claims in the petition: 1) a denial of access to exculpatory biological evidence violated his right to due process of law protected by the Fourteenth Amendment; 2) the exclusion of evidence of his third party culpability defense violated his right to due process of law protected by the Fourteenth Amendment; 3) the admission of unreliable evidence was an abuse of discretion and denial of due process of law; 4) he suffered a denial of his Sixth and Fourteenth Amendment right to self-representation;

5) his counsel's failure to introduce a local statute that prohibited use of a purported confession denied his rights to due process, a fair trial, and the effective assistance of counsel protected by the Sixth and Fourteenth Amendments; 6) the deprivation of confidential communication "between attorney and private investigator" (pet., doc. 1, 13) before trial denied his rights to the effective assistance of counsel and due process protected by the Sixth and Fourteenth Amendments; 7) counsel's making the decision himself whether Petitioner would take the stand in his own defense denied Petitioner's right to the effective assistance of counsel at trial and on appeal; 8) counsel's failure to introduce evidence of letters from the victim's caretaker violated Petitioner's rights to the effective assistance of counsel and due process; 9) failing to permit a handwriting expert at Petitioner's pro se motion constituted an abuse of the trial court's discretion; 10) trial counsel's failure to object to a witness who could not identify Petitioner but whose testimony was used to convict Petitioner denied Petitioner his right to the effective assistance of counsel; and 11) the cumulative errors denied Petitioner's right to due process under the Fifth and Fourteenth Amendments.

### III. Dismissal of State Law Claims

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws,

or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S. -, 131 S.Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  The Court accepts a state court's interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d 1180, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions.  <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

    Here, there is no indication that the state court's interpretation or application of state law was associated with an attempt to avoid review of federal questions.  Thus, this Court is bound by the state court's interpretation and application of state law.

    Petitioner raises only state law claims insofar as Petitioner alleges in his third claim that the trial court abused its discretion with respect to the admission of unreliable evidence and in his ninth claim that the trial court abused its discretion with respect to the provision of an expert or the admission of expert testimony.  These matters appear to address only matters of state law that are evaluated under state law standards.  The erroneous admission of the evidence under California's Evidence Code or other violation of a state's evidentiary rules does not state a federal

5

claim that would entitle Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254. <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir. 1991). To the extent that Petitioner alleges that these rulings violated his federal rights, Petitioner's claims remain before the Court. However, to the extent that Petitioner raises evidentiary error under state law, the claims should be dismissed.

Because the defects in these state law claims stem not from an absence of allegations of fact but rather from the nature of the claims as state law claims, the claims should be dismissed without leave to amend because Petitioner could not allege tenable state law claims that would warrant relief in this proceeding even if leave to amend were granted.

IV. <u>Further Proceedings</u>

Petitioner has complied with the Court's order to provide a declaration in support of the petition. Once Petitioner's state law claims are dismissed from the petition, the case is ready for further proceedings before the Magistrate, including directing a response to the petition and scheduling further pleadings and motions.

V. <u>Recommendations</u>

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Petitioner's state law claims be DISMISSED without leave to

6

amend; and

2) The matter be REFERRED back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may "waive their right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 16, 2015**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE