UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:14-cv-01237-LJO-BAM   HC |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| WARDEN MARTIN BITER, | |
| Respondent. | (Doc. 28) |

Petitioner, proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel. Petitioner contends that recent modifications of his antidepressant medication render him unable to address the complex issues in preparing his reply (traverse).

In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

In the above-captioned case, the Court finds no evidence that the interests of justice require the appointment of counsel in this case at this time. The well-prepared petition submitted by Plaintiff presents issues that are no more complex than the issues submitted in the vast majority of petitions for writ of habeas corpus filed in this Court. Although Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes the filing of a reply (traverse) to the respondent's

1

answer, the petitioner is not required to file a reply.  Further, a petitioner may not introduce issues in a reply (traverse).  *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993).  In this case, the grounds for relief have been well-briefed, and the record is complete but for the filing of the optional reply.

Accordingly, Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:     **October 23, 2015**              /s/ *Barbara A. McAuliffe*          
                                                                         UNITED STATES MAGISTRATE JUDGE