UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:14-cv-01237-LJO-SKO  HC |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| WARDEN MARTIN BITER, | |
| Respondent. | (Doc. 33) |

Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel. Petitioner contends that he is entitled to counsel pursuant to 18 U.S.C. § 3006A(g), which provides for the establishment of offices of federal public defenders in certain judicial districts. Petitioner is incorrect. Section 3006A(g) does not provide for appointment of counsel for habeas petitioners.  As previously set forth in this Court's October 23, 2015, order (Doc. 29), no absolute right to appointment of counsel currently exists in habeas proceedings. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984).

A court may appoint counsel at any stage of the case only "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.  Petitioner's motion (Doc. 33) offers no reasons why the interests of justice require appointment of counsel in this case.  Because Petitioner has already competently filed his petition and a reply to Respondent's response, the interests of justice do not now require the appointment of counsel.

Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2016**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

1