UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN MARTIN BITER,<br><br>        Respondent. | CASE NO. 1:14-cv-01237-LJO-SKO HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF EXPERT WITNESSES<br><br>(Doc. 33) |

    Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of expert witnesses including (1) an expert to interpret DNA samples and (2) a handwriting expert to "compare letters from the victim's caretaker with known signatures and samples with the California Department of Corrections and Rehabilitation or other means." Doc. 33 at 2. The motion neither sets forth authority for the appointment of these experts nor offers any explanation of why these experts are necessary. The Court's examination of the conceivable uses of such experts in light of the grounds set forth in the petition reveals no basis for appointing either expert.

    **DNA expert**   The request for a DNA expert potentially relates to grounds one or three of the petition, or both. The Court previously dismissed ground three as a state claim not cognizable in federal habeas corpus proceeding. Docs. 9 and 11.

    Ground one alleges that the state court denied Petitioner due process by failing to provide access to exculpatory biological evidence, specifically, a knit cap with hairs and other DNA identified as not belonging to Petitioner. The petition contends that the state court failed to link the DNA on the hat to a particular third party. Evaluating whether the state court violated Petitioner's rights by denying him access to the cap does not require identification of the third-party source of the DNA.

    **Handwriting expert**   Petitioner's request for a handwriting expert relates to the eighth ground for habeas relief, which alleges that the state court abused its discretion in failing to permit a

1

handwriting expert to testify regarding letters sent to Petitioner from the victim's caretaker. This ground was previously dismissed as a state claim not cognizable in federal habeas corpus proceeding. Docs. 9 and 11. As a result, no apparent reason remains for appointing a handwriting expert.

**Possible other uses of experts** Petitioner is not entitled to an expert witness to develop a basis for one or more additional grounds for habeas relief. A federal habeas proceeding is not an opportunity for a petitioner to develop facts not ascertained in state proceedings.

"Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Calderon v. United States District Court for the Northern District of California (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)). Habeas petitioners are not routinely entitled to discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The discovery provisions of the federal Rules of Civil Procedure do not generally apply in habeas cases. *Harris v. Nelson*, 394 U.S. 286, 295 (1969). *See* Rule 6(a) of the Rules Governing § 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery"). The Court may not appoint either expert to permit Petition to attempt to uncover other grounds for habeas relief.

### Conclusion and Order

Petitioner's having failed to demonstrate a basis for appointment of the requested experts, the motion for appointment of expert witness is hereby DENIED.

IT IS SO ORDERED.

Dated: **May 16, 2016**          /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE