# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>    Petitioner,<br><br>  v.<br><br>MARTIN BITER, Warden,<br><br>    Respondent. | Case No. 1:14-cv-01237-LJO-SKO  HC<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE MAGISTRATE JUDGE<br><br>(Doc. 47) |

      Petitioner Bernard C. Hughes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner move for the recusal of the Hon. Sheila K. Oberto, U.S. Magistrate Judge, claiming that he has been prejudiced by Judge Oberto's prior dismissal of a civil rights case (42 U.S.C. § 1983), *Hughes v. Mariposa County Sheriff's Department* (1:09-cv-02249-LJO-GSA), and by her denials of various prior motions, including motions for appointment of counsel and for production of transcripts.

      Two statutory provisions govern recusal (disqualification) of a federal judge:  28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal of a judge where a party files a timely affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice whether against the party or in favor of the adverse party, and setting forth facts forming the basis for the party's belief.  Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," as well as under circumstances tending to indicate bias of prejudice arising from personal circumstances such as prior representation of a party, family relationships, or financial or fiduciary interests.  The substantive test of personal bias or

prejudice is identical under §§ 144 and 455.  *United States v. Shibla*, 624 F.2d 864, 867 (9th Cir. 1980).

If the judge finds a § 144 motion timely and the affidavit(s) legally sufficient, he or she must not proceed any further, and the Court must assign another judge to hear the matter.  28 U.S.C. § 144; *Shibla*, 624 F.2d at 867.  The challenged judge him- or herself must make the initial determination.  *Berger v. United States*, 255 U.S. 22, 32-34 (1922); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  If the affidavit is not legally sufficient, however, the challenged judge may continue to hear the matter.  *Shibla*, 624 F.2d at 868.  An affidavit filed under § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial sources."  *Id.*

Prior "[a]dverse rulings do not constitute the requisite bias or prejudice of § 144."  *Azhocar*, 581 F.2d at 739.  Because Petitioner attributes his allegations of prejudice solely to Judge Oberto's prior rulings against him, neither § 144 nor § 455 requires Judge Oberto to recuse herself.

In addition, Petitioner's contention that Judge Oberto previously decided *Hughes v. Mariposa County Sheriff's Department* (1:09-cv-02249-LJO-GSA), against him is factually incorrect.[1]  The Hon. Gary S. Austin, U.S. Magistrate Judge, was assigned to that action.

Petitioner's motion for the recusal of the Hon. Sheila K. Oberto, U.S. Magistrate Judge, from this case is hereby DENIED.

IT IS SO ORDERED.

Dated:   **August 22, 2016**                         /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The motion alleged that Petitioner had no record of the case number of *Hughes v. Mariposa County Sheriff's Department*, which he described as a §1983 civil rights action.  *Hughes v. Mariposa County Sheriff's Department* (1:09-cv-02249-LJO-GSA), is the only prior civil rights action of that name in this district.  Petitioner also filed a prior petition for writ of habeas corpus entitled *Hughes v. Mariposa County Sheriff's Department* (1:11-cv-01299-GSA HC).  Judge Austin was also the Magistrate Judge assigned to that action.