# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | Case No. 1:14-cv-01237-LJO-SKO HC<br><br>ORDER DENYING MOTION TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 57) |

On August 7, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; he amended the petition on September 24, 2015. On October 7, 2016, the Court entered an order denying the petition and declining to issue a certificate of appealability. Having appealed this Court's judgment to the U.S. Court of Appeals for the Ninth Circuit, Petitioner now moves for a certificate of appealability. Petitioner bases his motion on his disagreement with the Court's application of the standards governing issuance of a certificate of appealability.

### **Basis for Issuing or Denying a Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

1

    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B)  the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In this case, reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

## **Conclusion and Order**

The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

    Dated:  **October 26, 2016**        **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE